UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ALAN BROWN, ET AL. | CIVIL ACTION |
| VERSUS | NO: 14-813 |
| REGIONS INSURANCE, INC., ET AL. | SECTION: "J"(5) |

**ORDER & REASONS**

Before the Court are two motions. First is a *Motion to Exclude the Testimony of Dr. Lar Reinhart* **(Rec. Doc. 54)** filed by Plaintiffs and an opposition thereto (Rec. Doc. 57) filed by Defendants. Second is a *Motion to Exclude Testimony of Prior Arrests and Convictions* (Rec. Doc. 52) and an opposition thereto filed by Defendants (Rec. Doc. 58.) Having considered the motions and legal memoranda, the record, and the applicable law, the Court finds that the motions should be **GRANTED**.

**FACTS AND PROCEDURAL BACKGROUND**

This litigation arises from a car collision that occurred on April 30, 2013. Defendant Robert Bird was driving an eighteen-wheeler when he collided with Plaintiffs' vehicle. Plaintiffs allege that the accident caused injuries which required them to undergo spinal surgeries. On August 9, 2016, Plaintiffs filed the motions now before the Court. (Rec. Docs. 52, 54.) Plaintiffs ask this Court to exclude the testimony of Defendants' "accident reconstruction expert" Dr. Lars Reinhart. (Rec. Doc. 54.) Further,

Plaintiffs ask this Court to prevent Defendants from presenting any evidence of Plaintiffs' prior arrests or criminal convictions. (Rec. Doc. 52.) The motions are now before the Court on the briefs and without oral argument.

**PARTIES' ARGUMENTS**

**1. Dr. Lars Reinhart**

Plaintiffs argue that the Court should exclude the testimony of Dr. Lars Reinhart. (Rec. Docs. 54, 63.) Plaintiffs argue that Dr. Reinhart's testimony is unreliable, based on insufficient facts and data, and will only serve to confuse the jury. (Rec. Doc. 54 at 2.) Finally, Plaintiffs argue that any medical opinions offered by Dr. Reinhart are cumulative, because Defendants will present testimony from Dr. Najeeb Thomas, a neurosurgeon who performed an independent medical examination of the Plaintiffs and will testify as to causation.

Defendants seek to present evidence from Dr. Reinhart to "assist the factfinder in determining whether the Plaintiffs could have been injured so severely" in the accident at issue. (Rec. Doc. 57 at 2.) Defendants argue that as a certified Accident Reconstructionist and a licensed physician, Dr. Reinhart is qualified to render an opinion as to the cause of Plaintiffs' injuries. *Id.* at 5. Defendants argue that the methodology by which Dr. Reinhart reached his conclusion as to Plaintiffs' injuries is reliable. *Id.* at 7-15. Finally, Defendants argue that Dr.

2

Reinhart's testimony is not cumulative and will assist the fact-finder in determining whether the impact of the collision was capable of causing Plaintiffs' injuries. *Id.* at 13-14.

### 2. Evidence of Prior Arrests or Convictions

Plaintiffs seek to exclude any evidence of their prior arrests or convictions from being presented as impeachment evidence at trial. (Rec. Doc. 52.) Plaintiffs argue that the arrests and convictions are not relevant to this case. Further, Plaintiffs argue that the evidence's prejudicial effect outweighs any potential probative value. Finally, Plaintiffs argue that many of the convictions Defendants seek to introduce are not felony convictions and others occurred more than ten years ago.

Defendants argue that evidence of Plaintiffs' prior convictions is relevant and admissible. Specifically, Defendants argue that Plaintiffs were untruthful in their deposition testimony when asked if they had been convicted or arrested in the past. Defendants now seek to use this untruthful deposition testimony to impeach Plaintiffs' credibility. (Rec. Doc. 58 at 2.)

### LEGAL STANDARD

### 1. Federal Rule of Evidence 702

Louisiana Code of Evidence Article 702 mirrors Federal Rule of Evidence Rule 702's provisions on the admissibility of expert witness testimony. La. Code Evid. Ann. Art. 702, Official Comment

3

B; Fed. R. Evid. 702; *see also U.S. v. Hitt*, 473 F.3d 146, 158 (5th Cir. 2006). Federal Rule of Evidence 702 provides that a witness who is qualified as an expert may testify if: (1) the expert's "specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue"; (2) the expert's testimony "is based on sufficient facts or data"; (3) the expert's testimony "is the product of reliable principles and methods"; and (4) the principles and methods employed by the expert have been reliably applied to the facts of the case. Fed. R. Evid. 702. The United States Supreme Court's decision in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), provides the analytical framework for determining whether expert testimony is admissible under Rule 702. Both scientific and nonscientific expert testimony are subject to the *Daubert* framework, which requires trial courts to make a preliminary assessment of "whether the expert testimony is both reliable and relevant." *Burleson v. Tex. Dep't of Criminal Justice*, 393 F.3d 577, 584 (5th Cir. 2004); *see also Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147 (1999). When expert testimony is challenged under *Daubert*, the party offering the expert's testimony bears the burden of proving its reliability and relevance by a preponderance of the evidence. *Moore v. Ashland Chem. Co.*, 151 F.3d 269, 276 (5th Cir. 1998).

The reliability of expert testimony "is determined by assessing whether the reasoning or methodology underlying the testimony is scientifically valid." *Knight v. Kirby Inland Marine Inc.*, 482 F.3d 347, 352 (5th Cir. 2007). A number of nonexclusive factors may be relevant to the reliability analysis, including: (1) whether the technique at issue has been tested; (2) whether the technique has been subjected to peer review and publication; (3) the potential error rate; (4) the existence and maintenance of standards controlling the technique's operation; and (5) whether the technique is generally accepted in the relevant scientific community. *Burleson*, 393 F.3d at 584. The reliability inquiry must remain flexible, however, as "not every *Daubert* factor will be applicable in every situation; and a court has discretion to consider other factors it deems relevant." *Guy v. Crown Equip. Corp.*, 394 F.3d 320, 325 (5th Cir. 2004); *see also Runnels v. Tex. Children's Hosp. Select Plan*, 167 F. App'x 377, 381 (5th Cir. 2006) ("[A] trial judge has considerable leeway in determining how to test an expert's reliability.").

With respect to the relevancy prong, the proposed expert testimony must be relevant "not simply in the way all testimony must be relevant [pursuant to Rule 402], but also in the sense that the expert's proposed opinion would assist the trier of fact to understand or determine a fact in issue." *Bocanegra v. Vicmar Servs., Inc.*, 320 F.3d 581, 584 (5th Cir. 2003). Ultimately, a

5

court should not allow its "gatekeeper" role to supersede the traditional adversary system or the jury's place within that system. *Scordill v. Louisville Ladder Group, L.L.C.*, No. 02-2565, 2003 WL 22427981 at *3 (E.D. La. Oct. 24, 2003). As the Supreme Court has noted, "vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Daubert*, 509 U.S. at 596. Generally, questions relating to the basis and sources of an expert's opinion rather than its admissibility should be left for the jury's consideration. *United States v. 14.38 Acres of Land*, 80 F.3d 1074, 1077 (5th Cir. 1996) (citing *Viterbo v. Dow Chemical Co.*, 826 F.2d 420, 422 (5th Cir. 1987)).

### 2. Federal Rule of Evidence 609

Federal Rule of Evidence 609 governs the use of prior criminal convictions for impeachment purposes. *See* Fed. R. Evid. 609. Rule 609(a)(1) of the Federal Rules of Evidence provides that a criminal conviction may be used to impeach the truthfulness of a witness' character, subject to Rule 403, if the crime was punishable by more than one year imprisonment. Rule 609(a)(2) provides that any criminal conviction may be used to impeach the truthfulness of a witness' character "if it readily can be determined that establishing the elements of the crime required proof or admission of an act of dishonest or false statement by the witness." Fed. R.

Evid. 609(a)(2). Crimes involving dishonesty or false statements include crimes such as perjury, criminal fraud, embezzlement, or any other offense involving some element of deceit, untruthfulness, or falsification. Fed. R. Evid. 609, advisory committee's note to 1974 enactment.

Rule 609(b) limits the use of prior criminal convictions "if more than 10 years have passed since the witness's conviction or release from confinement for it, whichever is later." Fed. R. Evid. 609(b). If more than 10 years have passed, evidence of the conviction is only admissible if: (1) its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect; and (2) the proponent gives an adverse party reasonable written notice of the intent to use it so that the party has a fair opportunity to contest it. Fed. R. Evid. 609(b)(1)-(2). For convictions more than 10 years old, "[t]he general rule is inadmissibility." *United States v. Hamilton*, 48 F.3d 149, 154 (5th Cir. 1995) (citing *United States v. Estes*, 994 F.2d 147, 149 (5th Cir. 1993)). The Fifth Circuit has interpreted Rule 609(b) to mean that "the probative value of a conviction more than 10 years old is by definition outweighed by its prejudicial effect." *Id.* "Convictions should be admitted under Rule 609(b) 'very rarely and only in exceptional circumstances.'" *Jordan v. Ensco Offshore Co.*, No. 15-1226, 2016 WL 2864380, at *1 (E.D. La.

7

May 16, 2016) (quoting *McIntyre v. Bud's Boat Rentals*, LLC, No. 02-1623, 2003 WL 22174236, at *3 (E.D. La. Sept. 9, 2003)).

## DISCUSSION

### 1. Dr. Lars Reinhart

Upon review of the reports, qualifications, and stated methodologies of Dr. Reinhart, and in light of the applicable law, the Court is not satisfied that Dr. Reinhart's testimony is sufficiently reliable for him to properly opine on the nature of the collision in this case. Specifically, Dr. Reinhart's expert testimony as to the nature of the collision is inadmissible, because it is unreliable, based on insufficient facts and data, and unhelpful to the trier of fact. Dr. Reinhart did not inspect the vehicles involved in this accident and relied upon prior testing and studies that were performed on different model vehicles that were involved in a different accident than in that in this case. Further, Dr. Reinhart admits that the methodology by which he reached his conclusion was not peer-reviewed. (Rec. Doc. 54-2 at 94.) Moreover, Dr. Reinhart's opinion will not assist the trier of fact, but rather will likely confuse the jury or cloud its common sense fact-finding role. *See U.S. v. Wiley*, 57 F.3d 1374, 1389 (5th Cir. 1999); *Scineaux v. Empire Fire and Marine Ins. Co.*, No. 03-2947, 2005 WL 2050281, at *2 (E.D. La. Aug. 9, 2005). Consequently, Dr. Reinhart is not permitted to provide testimony as to the nature of the collision in this case. *See Oaks v.*

8

*Westfield Ins. Co.*, No. 13-1637, 2014 WL 198161, at *2 (E.D. La. Jan. 16, 2014) (excluding biomechanical expert where expert failed to reconstruct the exact accident at issue).

The Court also finds that Dr. Reinhart's proposed medical causation testimony is unreliable, because it is based upon insufficient facts and data. Despite rendering a medical causation opinion, Dr. Reinhart did not review any of the Plaintiff's imaging studies to see if the imaging corroborated the radiologist reports or the Plaintiffs' doctor's opinions. (Rec. Doc. 54-2 at 4.) In fact, Dr. Reinhart admits that "there were some implications made by the radiologist's reading that were potentially suggestive of injuries. . . ." *Id.* at 6. Further, Dr. Reinhart did not perform a physical examination on any of the Plaintiffs in this case. Thus, Dr. Reinhart proposes to offer contrary testimony to the radiologist who has reviewed the medical imaging when he himself has not reviewed the imaging nor physically examined the Plaintiffs. *Id.* at 5. Consequently, this Court is not satisfied that Dr. Reinhart's proposed testimony is based on sufficient facts or data nor the product of reliable principles or methods. *See Oaks*, 2014 WL 198161, at *2 (finding medical causation opinion unreliable because, *inter alia*, expert did not personally examine the plaintiff). Accordingly, Dr. Reinhart is not permitted to testify as to the medical causation of Plaintiffs' injuries.

**2.   Evidence of Prior Arrests or Convictions**

    **a.   Gerard Hines**

Mr. Hines has been convicted of three felonies within the last twenty-one years. In 1995, and again in 2003, Mr. Hines was convicted of possession of cocaine. Most recently, Mr. Hines was convicted in 2015 of possession of heroin with the intent to distribute. Mr. Hines has also been convicted of two misdemeanors, once in 2013 and another in 2015. Plaintiffs argue that Defendants are not permitted to present evidence of Mr. Hines' 1995 and 2003 felony convictions nor his misdemeanor convictions. (Rec. Doc. 62 at 1.) As to Mr. Hines' 2015 felony conviction, Plaintiffs have unilaterally agreed to stipulate that they will not seek the costs associated with Mr. Hines' future medical care if the Court prohibits Defendants from producing evidence of his conviction and sentence. (Rec. Doc. 62 at 3.) Plaintiffs also argue that Mr. Hines' traffic tickets and crimes for which he was not convicted must be excluded. Defendants argue that Mr. Hines' 1995 and 2003 felony convictions are admissible, because when asked if he had been previously convicted of a crime, Mr. Hines denied that he had been previously convicted. (Rec. Doc. 58 at 5.) Further, Defendants argue that Mr. Hines' more recent conviction is admissible under Rule 609 and relevant for Plaintiffs' future medical needs because he will be incarcerated for the next ten years. *Id.* at 6.

For convictions more than 10 years old, "[t]he general rule is inadmissibility." *Hamilton*, 48 F.3d at 154. "Convictions should be admitted under Rule 609(b) 'very rarely and only in exceptional circumstances.'" *Jordan*, 2016 WL 2864380, at *1 (quoting *McIntyre*, 2003 WL 22174236, at *3). As to Mr. Hines' 1995, 2003, and 2015 felony convictions and previous misdemeanor convictions, Defendants have not shown that "exceptional circumstances" exist in this case. The probative value of these convictions is substantially outweighed by their prejudicial effect. Fed. R. Evid. 609(b)(1); *see Tate v. Union Oil Co. of California*, 968 F. Supp. 308 (E.D. La. 1997). However, Plaintiff has unilaterally stipulated that it will not present any evidence of Mr. Hines' future medical care costs if Defendant is prohibited from producing evidence of Mr. Hines' 2015 conviction. (Rec. Doc. 62 at 3.) Accordingly, Defendants may not present any evidence as to aforementioned convictions and Plaintiff may not present any evidence as to Mr. Hines' future medical care costs.[1]

    **b.    Alan Brown**

Mr. Brown has pleaded guilty to four crimes over the past twenty-six years. (Rec. Doc. 52-1 at 3.) These crimes include possession of stolen property, theft of goods under $100, illegal

---

[1] Plaintiffs also seek to exclude evidence of Mr. Hines' traffic tickets. Defendants did not respond to this argument, nor have Defendants suggested that they intend to present such evidence. Accordingly, Defendants may not present any evidence of Mr. Hines' traffic tickets.

11

use of a weapon, and simple burglary of a vehicle. *Id.* Plaintiffs do not provide whether any of the crimes were felony convictions. However, none of the convictions occurred within the last ten years. Defendants argue that when asked how many times he had been convicted in the past, Mr. Brown answered untruthfully. (Rec. Doc. 58 at 7.) Defendants argue that because Mr. Brown did not answer truthfully that this meets the "exceptional circumstances" which merit the admission of Mr. Brown's prior convictions to attack his credibility. Defendants do not cite to any cases in support of this argument. Defendants have not shown "exceptional circumstances" exist in this case to overcome the presumption that convictions more than 10 years old are inadmissible. *Hamilton*, 48 F.3d at 154. Further, the potential probative value of presenting evidence of these convictions is substantially outweighed by their prejudicial effect. Fed. R. Evid. 609(b)(1). Accordingly, Defendants are not permitted to present evidence as to Mr. Brown's prior convictions. Moreover, to the extent that Defendants attempt to introduce evidence of Mr. Brown's prior arrests which did not result in a conviction, this evidence is also excluded. *See Bergeron v. Great West Casualty Co.*, 2015 WL 3505091, at *5 (E.D. La. June 3, 2015).

    **c. Jennifer Jordan**

Defendants seek to introduce two misdemeanor offenses—a 2003 guilty plea to theft of goods less than $100 and a 2014 guilty

12

plea to the unlawful sale of alcohol to a minor. (Rec. Doc. 58 at 7.) Defendants argue that Ms. Jordan was asked if she had ever been convicted of a criminal offense and responded, "No, sir." *Id.* Defendants again argue that this untruthful statement constitutes "exceptional circumstances" which permits Defendant to attack Ms. Jordan's credibility. Ms. Jordan's 2014 misdemeanor is not a felony conviction under Rule 609(a)(1) and does not involve dishonesty or false statements under Rule 609(a)(2). Accordingly, Defendants are not permitted to introduce evidence as to Ms. Jordan's 2014 misdemeanor. Further, Ms. Jordan's 2003 misdemeanor occurred over 10 years ago. Defendants have not shown that its probative value outweighs it prejudicial effect. Therefore, Defendants are not permitted to introduce evidence as to Ms. Jordan's 2003 misdemeanor.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's *Motion to Exclude the Testimony of Dr. Lars Reinhart* **(Rec. Doc. 54)** is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiffs' *Motion to Exclude Evidence of Prior Arrests and Convictions* **(Rec. Doc. 52)** is **GRANTED**, as stated more fully above.

New Orleans, Louisiana, this 7th day of September, 2016.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE